

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXASB
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| VS. § | **CASE NO. 1:18-CR-1** |
| § | |
| **JEREMY RUSSELL MOORE** § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Jeremy Russell Moore, violated conditions of supervised release imposed by United States District Judge Sim Lake. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #28) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on May 4, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present by video and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 6, 2015, The Honorable Sim Lake of the Southern District of Texas sentenced Mr. Moore after he pled guilty to Counts 1 and 2 of the Indictment in this case charging the offenses of Felon in Possession of a Firearm, both Class C felonies. Judge Lake sentenced Mr. Moore to 48 months imprisonment, as to each count, to run concurrently; followed by concurrent 3-year terms of supervised release, subject to the standard conditions of release, plus special conditions to include drug treatment and testing. On April 7, 2017, Jeremy Russell Moore completed his period of imprisonment and began service of his initial term of supervision.

On February 8, 2018, the Court transferred jurisdiction over this criminal proceeding to the Eastern District of Texas. The case is assigned to the docket of Senior United States District Judge Thad Heartfield.

On March 20, 2018, the Court revoked Mr. Moore's original term of supervised release and sentenced him to 7 months imprisonment, followed by an additional 30-month term of supervised release. On August 31, 2018, the Court modified the terms of supervision, with Mr. Moore's consent, to include special conditions for drug aftercare and financial disclosure. On September 7, 2018, Jeremy Russell Moore completed his first revocation sentence and began service of the instant term of supervised release.

On January 16, 2020, Judge Heartfield ordered another modification of Mr. Moore's current term of supervision to include home detention.  Judge Heartfield further modified the conditions on March 6, 2020, to include placement in a residential reentry center.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a standard condition of release in the following manner:

*If you are arrested or questioned by a law enforcement officer, you must notify the probation office within 72 hours.*

Mr. Moore failed to notify the probation officer of contact with the Port Neches Police Department on March 28, 2020.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke.  Specifically, the Government would submit testimony from an officer with the Port Neches Police Department and a United States Probation Officer.  Their testimony would establish that Mr. Moore was questioned by the Port Neches Police Department on March 28,

2020, but he failed to report that contact with law enforcement to his United States Probation Officer.

Defendant, Jeremy Moore, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to report his contact with law enforcement to his probation officer in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to report contact with law enforcement. This conduct constitutes a Grade C violation under U.S.S.G.§ 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is two (2) years on each of the original counts of conviction, to run either consecutively or concurrently, because the original convictions were both Class C felonies. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation

of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Jeremy Russell Moore, committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Jeremy Russell Moore, to serve a term of **twelve (12) months and one (1) day imprisonment**, with no further term of supervision to follow. The Court recommends credit for any time Mr. Moore previously spent in federal custody on this revocation proceeding as well as prior arrests for petitions to revoke.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of May, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE